# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| TREVA LEE,<br><br>        Plaintiff,<br>vs.<br><br>RICHARD ROLLINGER, and<br>BNSF RAILWAY COMPANY,<br><br>        Defendants. | No. 16-CV-4126-LRR<br><br>**ORDER** |

_____

This matter is before the Court on Treva Lee's ("plaintiff") Motion to Amend Petition. (Doc. 39). Richard Rollinger and BNSF Railway Company ("defendants") timely resisted the motion and plaintiff timely filed a reply brief. (Docs. 40, 41). For the following reasons, plaintiff's motion is hereby **denied**.

## I. *BACKGROUND*

Plaintiff filed this action in the Iowa District Court for Woodbury County and defendants timely removed this action to this Court. (Doc. 1; 28 U.S.C. § 1441(b)(1)). This Court adopted the parties' Amended Scheduling Order and Discovery Plan, which set August 4, 2017, as the deadline to amend pleadings. (Doc. 19-1, at 2). Several of the deadlines set by the scheduling order were subsequently extended; however, the August 4, 2017, deadline to amend pleadings remained unchanged. This case is set for trial on April 2, 2018. (Doc. 20). In its Order dated August 2, 2017, two days before the expiration of the deadline to amend pleadings, the Court extended the deadlines for expert witness disclosures, but explicitly provided that "*All other deadlines . . . remain unchanged, and the parties should consider the trial date firm.*" (Doc. 33, at 3 (emphasis in original)).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 16(b) states: "A schedule may be modified only for good cause and with the judge's consent." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp.2d 1093, 1099 (N.D. Iowa 2008) (internal quotation marks and citations omitted). Good cause under Rule 16(b) "requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica*, 590 F. Supp.2d at 1100; *Sherman v. Winco Fireworks*, 532 F.3d 709, 716 (8th Cir. 2008) (holding that the movant's diligence in attempting to comply with a scheduling order would guide the court's good cause analysis). "Even [when the moving party makes the requisite showing of good faith,] the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (internal citations omitted).

## III. DISCUSSION

Plaintiff's motion states that on May 31, 2017, plaintiff served discovery on defendants and first received objections and responses on September 7, 2017. (Doc. 39, at 2). On September 14, 2017, defendants informed plaintiff that defendants had decided to admit liability and, therefore, would not be providing the requested materials. (*Id.*, at 2). Defendants do not contest that they decided to concede liability (Doc. 40-1, at 2), nor does plaintiff seek to compel the aforementioned discovery at this time. Plaintiff does, however, contend that the decision to admit liability was not a legal strategy, but rather was an attempt "to manipulate the timing of objections to discovery to frustrate the discovery process." (Doc. 41, at 1).

Plaintiff further alleges that without the requested discovery, plaintiff was unable to determine whether a claim for punitive damages would be proper and, thus, did not

timely amend the complaint. (Doc. 39, at 2). However, plaintiff has brought the instant motion and, seemingly, still has not been provided with the requested discovery materials. It is possible that these materials have been provided and the Court has not been given this information. It is more likely, however, that plaintiff was either able to determine that a punitive damages claim would be proper without this information, or has decided to bring this motion without knowing if a punitive damages claim would be proper. If the former is true, there is no reason why plaintiff could not have timely asserted this claim, or at least brought the motion sooner. If plaintiff has instead opted to seek leave to assert a punitive damages claim without first determining whether such a claim would be warranted, such action would be improper.

Plaintiff first requested the purportedly necessary discovery on May 31, 2017. It is unclear why it took defendants until September to respond to plaintiff's discovery requests, or why plaintiff did not seek earlier compliance. Plaintiff served her discovery requests more than two months prior to the deadline to amend pleadings. Yet, when defendants had not yet provided discovery by the deadline, plaintiff did not seek an extension prior to the expiration of the deadline to amend. In fact, on July 27, 2017, eight days before the expiration of time to amend pleadings, defendants filed a motion to amend the scheduling order. (Doc. 32). Although plaintiff consented to defendants' motion, plaintiff did not seek to extend the deadline to amend pleadings.

If, as plaintiff suggests, she was unable to determine whether she could bring a punitive damages claim without answers to her discovery requests, it is unclear why plaintiff did not seek to compel timely production of discovery. Nor has plaintiff adequately explained why she did not seek timely leave to amend the scheduling order once it became apparent that defendants would not provide the requested discovery by August 4, 2017. Perhaps plaintiff did not seek to compel discovery as a gesture of good faith toward defendants and their inclination toward cooperating with discovery. However, this does not explain why plaintiff did not timely seek to amend the scheduling order before the expiration of the deadline, especially in light of the numerous motions

to amend that were successfully brought. The Court sees no good cause as to why plaintiff did not timely seek to amend the complaint or at least file the instant motion sooner.

Finally, defendants argue that they would be prejudiced if the Court were to grant plaintiff's motion at this late stage and that granting plaintiff's motion would "likely necessitate a continuance of the trial." (Doc. 40-1, at 3). The parties have previously been advised that the trial date is firm, and the Court is unwilling to permit a continuance because plaintiff delayed in bringing a punitive damages claim. The Court agrees with defendants that the theory of the case would be substantially modified if punitive damages were to become an issue, which would force defendants to relitigate the case and, as defendants assert, would likely make a continuance necessary. *See Kmak v. Am. Century Co., Inc.*, 873 F.3d 1030 (8th Cir. 2017) (where granting leave to amend would result in additional costly discovery and would force the parties to relitigate the case, it is proper to deny leave to amend). Therefore, the Court declines to allow plaintiff to amend the complaint to add a punitive damages claim.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend (Doc. 39) is hereby **denied**.

**IT IS SO ORDERED** this 14th day of November, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa